**Robert DIEHL, Plaintiff/Appellant,**

v.

**VALLEY FORGE INSURANCE CO., Defendant/Respondent.**

**No. 59077.**

Missouri Court of Appeals, Eastern District, Division One.

May 21, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1991.

Application to Transfer Denied July 23, 1991.

Davidson, Schlueter, Mandel & Mandel, Alan S. Mandel, St. Louis, for plaintiff/appellant.

Wuestling, James & DeVoto, R.C. Wuestling, St. Louis, for defendant/respondent.

KAROHL, Judge.

Plaintiff, Robert Diehl, appeals from a judgment in favor of defendant, Valley Forge Insurance Co., in his suit seeking recovery under the underinsured motorist coverage of an insurance contract. The case was submitted on stipulated facts. Plaintiff incurred $150,000 in personal injury damages from an auto collision with Daniel Rogacyewski. Rogacyewski was insured under a policy with American Family Insurance. Rogacyewski was 100% at fault and American Family paid plaintiff the policy limit of $100,000. At the time of the accident, plaintiff carried automobile insurance with defendant. Under the policy, plaintiff paid a premium of $6 per automobile for underinsured coverage in the amount of $100,000. The trial court declared "that there was no coverage under the policy since Rogacyewski was not an underinsured motorist within the policy definition." On appeal plaintiff alleges the trial court erred in holding defendant "was entitled to 'setoff' the coverage available pursuant to its 'under insured' motorist policy by the amount [$100,000] recovered from [Rogacyewski]."

*Rodriguez v. Gen'l Accident Ins. Co. of America,* 808 S.W.2d 379 (Mo. banc 1991) is dispositive of this appeal. The contractual language in Rodriguez is identical to the case at bar. A set-off provision in the policy provides that "The limit of liability shall be reduced by all sums paid because

of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." Rodriguez held since third party tort feasor's coverage of $50,000 was equal to the limit of liability under plaintiffs' policy of $50,000, tort feasor was not underinsured as defined by plaintiffs' policy. 808 S.W.2d at 382. Accordingly, plaintiffs were not entitled to recover the balance of their damages from their insurance carrier under the policy's "underinsured motorist coverage."

Here, the trial court correctly determined Rogacyewski was not an underinsured motorist as defined by plaintiff's policy because Rogacyewski carried coverage equal to the limit under plaintiff's policy. Defendant was entitled to set-off the coverage available to plaintiff pursuant to the underinsured provision of the policy by the amount plaintiff received from Rogacyewski. Plaintiff received $100,000, the full amount he contracted for in his policy issued by defendant. He purchased protection to an agreed amount, not excess coverage. The judgment was in accord with *Rodriguez.*

We affirm.

CRANDALL, C.J., and PUDLOWSKI, J., concur.